IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00249-WYD-CBS

DEPARTMENT STORES NATIONAL BANK,

    Plaintiff,

v.

BEVERLY J. VOSS,

    Defendant.

---

BEVERLY J. VOSS,

    Counter-Plaintiff,

v.

SILVERMAN/BORENSTEIN, PLLC;
IRVIN BORENSTEIN, ESQUIRE;
DAVID SILVERMAN, ESQUIRE; and
ANNE-MARIE VOS, ESQUIRE,

    Counter-Defendants.

---

## ORDER OF REMAND

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on the Plaintiff's and Counter-Defendants' Motion to Remand (ECF No. 7), filed February 19, 2013.  By way of background, on January 7, 2013 Plaintiff Department Stores brought a breach of contract (collection) lawsuit for an unpaid credit card against Defendant in the Jefferson County Court seeking damages in the amount of $8,203.67.   Counter-Defendants are the attorneys

for Plaintiff Department Stores. Plaintiff Department Stores is a South Dakota company and its principal place of business is in South Dakota. Defendant is a Colorado resident.

On January 31, 2013, the *pro se* Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a). (ECF No. 1). In seeking removal, Defendant asserts a third-party complaint against the Counter-Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of Defendant to show that this Court has jurisdiction over Plaintiff's breach of contract claim. No federal question exists pursuant to 28 U.S.C. § 1331 whereby this Court has original jurisdiction. Alternatively, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332.

II.   RELEVANT LAW

"The jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). "A case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one 'of which the district courts of the United States have original jurisdiction,' which is to say if federal subject-matter jurisdiction would exist over the claim." *Id.* (quoting 28 U.S.C. § 1441(a)). In general, original jurisdiction is lacking unless there is diversity of citizenship or "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Removal is appropriate only in limited circumstances. As the United States Supreme Court recognized, "[i]t is well settled that the removal statutes are to be construed strictly against removal with any doubt resolved in favor of remand. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). In the Tenth Circuit "[t]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). All doubts are resolved in favor of remand. *See Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 331 (10th Cir. 1982). Furthermore, the defendant has the burden of establishing that the jurisdictional prerequisites of 28 U.S.C. § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Holladay v. Kone*, Inc., 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009).

  A. <u>Federal Question Jurisdiction</u>

Here, while the Defendant appears to use the Notice of Removal to file a third-party complaint against the Counter-Defendants, the Notice of Removal does not set forth any grounds upon which this Court may exercise jurisdiction. Although Defendant's third-party complaint against the Counter-Defendants alleges violations of the FDCPA, Defendant has failed to establish removal jurisdiction over the Plaintiff's breach of contract (collections) claim against her.[1] *See Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (holding that "a case may not be removed to federal court solely because of a defense or counterclaim arising under

---

[1] I note that had Plaintiff asserted the FDCPA claims in an independent complaint against the counter-defendants, this would likely constitute a federal question providing the Court with original jurisdiction.

federal law) (citing *Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n. 2, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (neither a federal defense nor counterclaim can "serve as the basis for 'arising under' jurisdiction"); see also 14B Wright, Miller & Cooper, supra, § 3722, at 407-14); *see Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (holding that third-party claims are ancillary to the underlying lawsuit and do not constitute separate or independent claims that permit removal of an otherwise non-removable case).

   B.  <u>Diversity Jurisdiction</u>

Turning to my analysis of whether diversity jurisdiction exists, while the Plaintiff and Defendant are residents of different states, I nonetheless find that the amount in controversy requirement is not satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)[2], the Tenth Circuit outlined several methods that a removing defendant may use to satisfy its burden of proving jurisdictional facts by a preponderance of evidence. However, a plaintiff "cannot avoid removal merely by declining to allege the jurisdictional amount," but in the absence of an explicit demand for more than the jurisdictional amount, defendant must show how much is in controversy through other means. *Id.* at 955. In other words, "the defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play." *Id.* A defendant may accomplish this through interrogatories obtained in state court prior to the removal, or affidavits or other evidence submitted to the federal court. *Id.* at 956.

Here, in examining the underlying Complaint, I find that the allegations fail to show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The Complaint describes the amount in controversy to be $8,203.67, which falls far below the jurisdictional prerequisite of § 1332. Thus, I turn to the notice of removal, which mentions nothing about the amount in controversy. Therefore, I find that Defendant has failed to meet her burden of affirmatively establishing the amount in controversy on the face of either the petition or

---

[2] Unlike the instant action, *McPhail* was a wrongful death case. Although plaintiff refused to stipulate that the amount in controversy exceeded $75,000, the complaint alleged that the decedent suffered severe and permanent injuries prior to death, and sought actual and punitive damages. *Id.* at 955-56. Further, plaintiff's counsel indicated in communications with opposing counsel that the amount in controversy "very well may be" in excess of $75,000. *Id.* at 957. The Tenth Circuit held that the allegations in the complaint coupled with the background information regarding discussions between counsel were sufficient to prove facts necessary to establish that the amount in controversy exceeded $75,000. *Id.*

the notice of removal.

III.     CONCLUSION

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Jefferson County Court from which the case was removed.

Dated:  February 21, 2013

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge